## South Union Township Auditors v. South Union Township Supervisors

Before Munson, Cicchetti and Adams, *JJ.*

*Anthony Kovach,* for appellant.
*Joseph M. George,* for appellees.

ADAMS, *J.,* January 14, 1976—This matter is before the court en banc to determine whether the appeal from the audit for the fiscal year 1974 filed by the Auditors for the Township of South Union in the clerk of court's office on March 3, 1975, should be dismissed for failure to file an appeal bond. The court is of the opinion that it should not.

It is stipulated that no appeal bond was filed and it has not been alleged by the appellee that the appeal by the South Union Township Board of Supervisors was filed without proper authorizations.

The court is of the opinion that The Second Class Township Code of May 1, 1933, P. L. 103, as amended, 53 PS §§65553 and 65554, are controlling in this matter. The sections read as follows:

"Section 65553. Appeals from report. The township, or any registered elector or taxpayer thereof on its behalf, or any officer whose account is settled or audited by the township auditors, may appeal from any settlement or audit of the township auditors to the court of common pleas within forty-five days after the settlement has been filed in the court of quarter sessions.

"Section 65554. Taxpayer's appeal; bond. No appeal by a registered elector or taxpayer or officer shall be allowed unless the appellant shall enter into recognizance to prosecute the same with effect, and to pay all costs accruing thereon, in case, if the appellant be a registered elector or taxpayer, he shall fail to obtain a final decision more favorable to the township than that awarded by the auditors, or, in case the appellant be an officer, he shall fail to obtain a final decision more favorable to the officer than that awarded by the auditors."

The requirement of entering of a recognizance as set forth in section 65554 is clearly not applicable to a township. Section 65553 specifically names the township as a party who may appeal. Section 65554 fails to list the township as one who is required to file an appeal bond.

The only appeal which is before this court is the appeal of the township. Whether this appeal will serve to protect the rights of the supervisors, Nicholas Komanecky, James Conway and Charles Schiffbauer, in their individual capacity, is not before this court and need not be decided at this time. The appeal is by the Township of South Union and not by Nicholas Komanecky, James Conway and Charles Schiffbauer as individuals or officers of the township, and, therefore, no appeal bond is required.

Wherefore, the court makes the following

### ORDER

And now, January 14, 1976, the motion to quash and dismiss the appeal is denied.